(June 25, 1998)

■ 518 EAST 80TH STREET CO., L. L. C., Appellant, v DAVID SMITH, Respondent. [674 NYS2d 680] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered April 22, 1997, which, *inter alia*, denied plaintiff landlord's motion for partial summary judgment, dismissing defendant tenant's fourth, seventh, eighth, eleventh, fourteenth, sixteenth and seventeenth affirmative defenses; dismissed defendant's second and third affirmative defenses only to the extent they allege breach of the covenant of quiet enjoyment; denied that part of plaintiff's motion seeking a permanent injunction allowing it to enter defendant's apartment to make repairs to its ceiling; and, deferred determination of that issue and the issue of the application of the court's prior order of preclusion for determination by the trial court, unanimously modified, on the law, without costs, that part of plaintiff's motion seeking a permanent injunction is denied and its first cause of action dismissed, defendant's second, third, eighth, eleventh, fourteenth, fifteenth and sixteenth affirmative defenses and his second and fourth counterclaims are dismissed, and otherwise affirmed. This action is hereby transferred to Civil Court for all purposes.

Given that, in accordance with a preliminary injunction issued August 24, 1994, defendant permitted plaintiff to enter his apartment to perform the necessary repairs, plaintiff's motion for partial summary judgment on its first cause of action for a permanent injunction should have been denied and defendant granted summary judgment dismissing that cause of action. Having cured the hazardous condition that prompted this action, plaintiff, which seems to want a permanent injunction in case the problem recurs, fails to make the requisite showing of irreparable injury. In light of the foregoing, defendant's

fourteenth and fifteenth affirmative defenses, which relate to the first cause of action, are moot and should be dismissed.

Plaintiff's second and third causes of action, seeking ejectment for failure to pay rent arrears and additional rent and for legal fees, properly belong in Civil Court and we transfer this action accordingly. However, many of defendant's remaining affirmative defenses to plaintiff's causes of action for nonpayment of rent should have been dismissed.

The allegations in the second affirmative defense of numerous burglaries, attempted burglaries and physical attacks in and about the subject apartment are insufficient to defeat plaintiff's motion for summary judgment and such defense, alleging inadequate security on the premises, should have been dismissed in its entirety. The third affirmative defense alleges harassment pursuant to Real Property Law § 235-d. However, the validity of such defense is not addressed by defendant on appeal and should also have been dismissed in its entirety inasmuch as section 235-d provides relief to tenants in buildings formerly occupied for manufacturing or warehouse purposes only in the absence of a certificate of occupancy, which is not the case here. The eighth affirmative defense, alleging unclean hands because of breach of lease and the landlord's stated desire to evict defendant, is an equitable defense and unavailable to the second and third causes of action, seeking rent arrears and legal fees. The eleventh affirmative defense of res judicata and the sixteenth affirmative defense of laches should also have been dismissed as lacking support in the record.

Finally, defendant's second counterclaim, seeking injunctive relief requiring plaintiff to comply with "all laws, rules and regulations" relevant to its obligations as landlord, and his fourth counterclaim, alleging that plaintiff made certain repairs without the requisite permits, are unsupported by specific, evidentiary allegations and summary judgment should have been granted dismissing them.

We have considered plaintiff's other points and find them unpersuasive. Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.